IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| vs. : | CRIMINAL NO: 13-39-8 |
| : | |
| **HENRY P. ALFANO** : | |

TO THE HONORABLE ROBERT F. KELLY, SENIOR JUDGE OF THE SAID COURT:

DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE

Rule 403 of the Federal Rules of Evidence provides as follows:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation or cumulative evidence."

It is clear from the Advisory Committee Notes and case law also recognizes that the Court has broad discretion with respect to the admission and exclusion of evidence under Rule 403 and must conduct a balancing test with respect to the same. The Court's decision will not be reversed absent a clear abuse of discretion.

In this case, the government alleges that the defendant tried to assist approximately six or seven friends and/or business associates with some type of assistance with their traffic court tickets

1

by calling his old friend, retired Judge Perri, to ask if he could assist them in some fashion.

It is also alleged that the defendant provided to his old friend, retired Judge Perri, a number of "gratuities" or "stream of benefits" which included auto repairs, seafood on or about Christmas Eve, and copies of DVD videos. With respect to the latter, it is expected that the government would attempt to introduce evidence to show that the defendant obtained copies of DVD videos from his friend and tenant, Richard Caristo who owned and operated a business called "Venus Video". Venus Video is an adult video store.

It is clear from the tape recording on February 23, 2010 at 15:04:26, between defendant Alfano and Mr. Caristo, that the business is an adult video store and the conversation contains some disparaging remarks concerning females and adult videos. This evidence is extremely prejudicial with no relevance to the charges. This entire topic of adult video entertainment is extremely toxic to most of the general public and therefore would be extremely inflammatory against the defendant to any jury. It has absolutely no relevance to the issue of whether the defendant obtained favorable treatment for traffic ticket violations for friends and/or business associates and can only serve to severely prejudice the defendant in the eyes of the jury.

The Court clearly has discretion to exclude this tape recording and the contents therein as being highly prejudicial with absolutely no relevance. See United States v. Barletta, 652 F.2d 218 (1st Cir, 1981).

As an alternative or substitute for this evidence, the defendant would be willing to stipulate that the defendant Alfano, at the request of Judge Perri, obtained copies of DVD videos from Caristo and his video business for retired Judge Perri's personal use.

The adult nature of the DVD video business, the title "Venus Video" and any disparaging remarks towards women are totally irrelevant, highly prejudicial and , in light of the above stipulation, totally unnecessary in the evidence at the trial of this case.

The case law recognizes that if alternative evidence exists with the same probative value as the highly prejudicial and unfair evidence with a much less prejudicial effect, the Court should consider the alternative evidence and exclude that which is unfairly prejudicial.  See, <u>Old Chief v. United States</u>, 519 U.S. 172 (1997), <u>United States v. Ozsusamlar</u>, 428 F. Supp 2d 161, 170 (S.D.N.Y. 2006).

Accordingly, defendant would respectfully request that the Court enter an Order excluding the references to the adult nature of the videos, the adult nature of the video store business and the entire conversation of February 23, 2010 at 15:04:26 time.

**Respectfully submitted:**

_____
**JEFFREY M. MILLER, ESQUIRE**


_____
**CARMEN C. NASUTI, ESQUIRE**
**Attorneys for Defendant**

Dated:        April 2, 2014